This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CORRINE FLORES**,

  Plaintiff-Appellant,

v.                                                                          **NO. 31,295**

**BRETT HENDERSON, M.D.**,

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Martin, Lutz, Roggow & Eubanks, P.C.
David P. Lutz
Las Cruces, NM

for Appellant

The Furth Firm
Ben Furth
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

Plaintiff appeals the grant of summary judgment in favor of Defendant on her complaint of tortious interference with prospective contractual relations. In our notice, we proposed to affirm. Plaintiff has timely responded. We have considered her arguments and affirm. We also proposed to dismiss the cross-appeal filed by Defendant, as no docketing statement was filed. Defendant has not responded to our proposal. Therefore, we dismiss his cross-appeal.

In our notice, we identified the elements for a claim of tortious interference with prospective contractual relations. One of those elements requires a showing that the defendant had an improper motive solely to harm the plaintiff or acted through improper means. *Kelly v. St. Vincent Hosp.*, 102 N.M. 201, 207, 692 P.2d 1350, 1356 (Ct. App. 1984). Here, Defendant moved for summary judgment on the basis that he had a legitimate business reason for his actions. *See Zarr v. Washington True Solutions, LLC*, 2009-NMCA-050, ¶ 25, 146 N.M. 274, 208 P.3d 919 (citing *Kelly*, 102 N.M. at 207, 692 P.2d at 1356).

As we pointed out in our notice, once the movant meets his initial burden of negating at least one of the essential elements upon which the claim is grounded, the burden shifts to the non-moving party to come forward with admissible evidence to establish each element of the claim. Plaintiff contends that this Court misapplied the standard of review on the grant of summary judgment. She argues that we failed to

view all the pleadings and allegations of fact in the light most favorable to trial on the merits. In particular, she points out that this Court mentioned only that her employment was not terminated, but did not point out that her transfer caused her to lose hours and pay. [MIO 6] We do not see how this fact creates a triable issue on whether or not Defendant employed an improper means or motive to interfere with Plaintiff's employment.

Also, she finds fault with our reference to her affidavit "questioning the care that Defendant provides his *patients.*" She points out that her affidavit concerned only the care provided her uncle and nothing about Defendant's care of any of his other patients. [MIO 6] Again, we fail to see how our phraseology affects the facts relevant to triable issues. The affidavit questioned the care that Defendant provided one of his patients, Plaintiff's uncle. Whether it was one patient or many, it was nevertheless an affidavit in which a nurse, who was attending to Defendant's surgical patients, questioned his care of a patient. Thus, the relevant facts are that Plaintiff, as a nurse, filed an affidavit in a malpractice lawsuit against Defendant, in which she questioned his care of her uncle, one of his surgical patients. [RP Vol. II, 218-220]

Further, she argues that the time frame of the retaliation began in 2008 after the filing of her uncle's lawsuit, not in 2009, when she filed her affidavit in that lawsuit. She contends that her affidavit established that Defendant's retaliation had been going

on for a year before she filed her affidavit. [RP Vol. II, 333-334] Thus, she appears to be arguing that the basis of Defendant's request that she not attend any of his patients was the filing of the malpractice suit by her uncle rather than her affidavit filed in that suit. Plaintiff asserts that she has created an issue of material fact relating to when the interference began and that it was in fact caused by the filing of her uncle's malpractice case. Plaintiff's affidavit filed in that case indicates that she had questioned Defendant's care of her uncle before the lawsuit was even filed. [RP Vol. II, 218-220] Thus, the fact that Defendant sought to limit her contact with his clients once the lawsuit was filed rather than when she filed his affidavit in that lawsuit is not material. His request that she not attend his patients was a result of her questioning the care that he gave one of his patients, her uncle. Thus, he established a valid business reason for his request.

Plaintiff attempts to make this case about whether or not a person is protected from truthfully testifying in a civil case. [MIO 1, 3, 12-13] It appears that Plaintiff seeks to protect her "speech" by filing a lawsuit claiming tortious interference with prospective contractual relations. However, as we pointed out in our notice, such a claim is limited to an intentional interference with contractual relations through an improper means or improper motive. *M & M Rental Tools, Inc. v. Milchem, Inc.*, 94 N.M. 449, 453, 612 P.2d 241, 245 (Ct. App. 1980). There is liability only where the

4

interference is without justification. Even if there may have been a motive to harm the plaintiff, if there is a legitimate business reason for his actions, the defendant will not be liable. *Zarr*, 2009-NMCA-050, ¶ 25.

Here, Defendant established a legitimate business reason for his action in requesting that Plaintiff not tend his patients. Even though Plaintiff argues that motive is a factual question and should get the benefit of a trial, motive is irrelevant if Defendant shows a legitimate business reason for his actions. *See Clough v. Adventist Health Sys., Inc.*, 108 N.M. 801, 806, 780 P.2d 627, 632 (1989). Thus, material issues of fact relating to motive do not assist Plaintiff in meeting her burden of showing that Defendant is not entitled to judgment as a matter of law.

Plaintiff asserts in her memorandum that this case can only be properly decided on the general calendar. [MIO 10] First, she contends that this Court needs to review the transcript of the summary judgment hearing in order to determine error. [MIO 10] As there is no presentation of evidence at a summary judgment hearing, we fail to see why the papers before this Court, which are what the district court based its decision on, are insufficient to decide the case. Second, she contends that out-of-state authorities support her claim that retaliation for the filing of a lawsuit can support a complaint for interference with contractual relations. [MIO 10] This Court does not need to rely on out-of-state authorities to decide the issues here. Thus, there is no

reason for assignment to the general calendar. Finally, she contends that this case raises important policy issues that should merit the benefit of "full appeal under the General Calendar." [MIO 13] Plaintiff has been given the opportunity on the summary calendar to present her policy issues and her view of the relevant facts and law. None of her arguments convince us that the district court erred in its determination in this case.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**CYNTHIA A FRY, Judge**